[No. 1292. Decided June 26, 1894.]

MERCHANTS NATIONAL BANK OF TACOMA, *Respondent*, v. FRED T. PEET, *Defendant*, MORTON RAMSDELL, *Executor*, *Appellant*.

TRIAL BY COURT — RECEPTION OF IMMATERIAL EVIDENCE.

Where it appears from the findings of fact made in an action tried by the court without a jury that, although incompetent and immaterial testimony had been admitted in evidence, the findings of the court against defendant were not based thereon, the error is not prejudicial.

A partnership note executed by one of two partners without authority will bind the other partner, when by his acts the latter has ratified the giving of the note.

*Appeal from Superior Court, Pierce County.*

*Ben Sheeks,* for appellant.

*Doolittle & Fogg ( C. O. Bates,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by respondent against Peet & Goodwin to recover on a promissory note. Judgment was taken by default against Peet. Pending the action Goodwin died, and the action was revived against Ramsdell, Goodwin's executor, who appeals. Peet and Goodwin were partners as attorneys at law, and were also engaged in the loan business. The note was executed by Peet. Over the objections of appellant, Peet was permitted to give evidence tending to show that he had Goodwin's permission to sign the firm name to the note, and that the money obtained on the note went to pay a note given by himself for land bought of Goodwin. Other objections were raised as to the testimony of one Opie, relating to a deposit slip which was in the handwriting of a third person, there being nothing to show that Goodwin had anything to do with it; and also the testimony of the witness Thompson, as to the custom of the bank, was objected to; and these matters are alleged as errors upon this appeal.

The respondent first contends that, conceding such testimony was erroneously admitted, it in no wise tended to prejudice appellant's case, and we think the point is well taken. The case was tried by the court without a jury, and findings of fact were made. Peet's testimony was immaterial because the court found that he had no authority to execute the note in question. But the court also found from other testimony, which was not objected to, that Goodwin had ratified the giving of said note on several

different occasions; and the testimony of Opie and Thompson complained of was in no wise material to the issue.

Affirmed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.